UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:19-cv-25213-GAYLES

MARIO JOSE BERMUDEZ,

    Plaintiff,

v.

ENID STULZ, Director of the U.S. Citizenship
and Immigration Services ("USCIS") Hialeah
Field Office; and LINDA SWACINA, USCIS,
District Director,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss (the "Motion") [ECF No. 24]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is granted.

**I.    BACKGROUND**

Plaintiff is a native and citizen of Nicaragua who currently resides in Miami-Dade County, Florida. [ECF No. 13]. Plaintiff was admitted to the United States on a visitor visa in September 1993, with authorization to remain in the United States until March 11, 1994. [ECF No. 23-1 at 2]. Plaintiff remained in the United States, without authorization, beyond March 11, 1994. *Id.*

On December 18, 2017, Plaintiff filed a Form I-485 application to adjust his status to that of lawful permanent resident based on his marriage to a United States citizen (the "Application"). [ECF No. 13]. On February 14, 2019, USCIS denied Plaintiff's Application, finding that his 2004 conviction for possession of cocaine, later reduced to use or possession of drug paraphernalia, made him inadmissible under 8 U.S.C. § 1182(a)(A)(i)(II). [ECF No. 23-1 at 5]. On December 19,

1

2019, Plaintiff filed this action challenging USCIS' denial of his Application under the Administrative Procedure Act ("APA"). Plaintiff contends that the denial was contrary to law because, at the time of his conviction, Florida criminalized multiple substances that do not appear on the federal controlled substances list such that he should not have been considered inadmissible under § 1227(a)(2)(B)(i).[1]

On January 9, 2020, USCIS *sua sponte* reopened Plaintiff's Application to reconsider its decision. USCIS provided Plaintiff with an opportunity to submit additional evidence in support of his Application and sent Plaintiff a Request for Evidence ("RFE") asking for more information on his 2004 conviction, to which Plaintiff responded. On February 25, 2020, USCIS again denied Plaintiff's Application.

This time, USCIS determined that Plaintiff failed to provide sufficient evidence as to the nature and identity of the drug of the paraphernalia for which he was convicted, and therefore, failed to meet his burden to demonstrate he is admissible into the United States. [ECF No. 23-1 at 10]. In addition, USCIS found that, even if he had established statutory eligibility for adjustment of status, exercising discretion in Plaintiff's favor was unwarranted due to his extensive criminal history including eleven charges and nine criminal convictions between 1994 and 2012. *Id.* In its February 25, 2020 decision, USCIS informed Plaintiff that he was no longer authorized to remain in the United States and that USCIS may issue a Notice to Appear ("NTA") and begin removal proceedings if Plaintiff did not voluntarily leave the United States within 33 days.

On March 12, 2020, Plaintiff filed his Amended Complaint asking the Court to find that (1) USCIS' February 14, 2019 decision was arbitrary, capricious, and contrary to law (Counts I and II) and (2) USCIS' reopening and subsequent denial of Plaintiff's Application is unlawful

---

[1] Plaintiff also contends that the Florida statutes under which he was convicted are overbroad.

under the APA or, in the alternative, unconstitutional retaliation in violation of the First Amendment (Counts III and IV).[2] Plaintiff alleges that the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) in combination with the APA.

Plaintiff did not depart the United States. Accordingly, on April 7, 2020, USCIS issued him an NTA setting a hearing in immigration court on August 3, 2020.[3] [23-1 at 1]. On April 21, 2020, USCIS filed the NTA with the immigration court and commenced removal proceedings. *Id.*[4]

On April 27, 2020, Defendants moved to dismiss arguing that the Court lacks subject matter jurisdiction under the APA to review USCIS' denial of Plaintiff's Application.[5] The Court agrees.

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A district court must have jurisdiction under at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014) (citation omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted).

---

[2] Plaintiff also moved for partial summary judgment as to Count III. [ECF No. 14].

[3] In response, Plaintiff moved for a temporary restraining order, asking the Court to enjoin USCIS from filing the NTA with the immigration court and commencing removal proceedings. [ECF No. 20].

[4] The NTA contains a date stamp for April 21, 2020. [ECF No. 23-1 at 1]. Plaintiff has supplemented the record by filing a "printout" from the Executive Office for Immigration Review ("EOIR") and argues that this document somehow establishes that USCIS did not commence removal proceedings until May 5, 2020, after Defendant filed its Motion to Dismiss. The document, however, reflects that the NTA was issued on April 7, 2020, received/filed by EOIR on April 21, 2020, and entered into EOIR's docketing system on May 5, 2020. [ECF No. 26-1].

[5] In response to the Motion to Dismiss, Plaintiff relies primarily on the arguments he made in his Motion for Temporary Restraining Order.

A motion to dismiss for lack of subject matter jurisdiction brought under Federal Rule of Civil Procedure 12(b)(1) may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if the plaintiff has "sufficiently alleged a basis for subject matter jurisdiction." *Id.* "As it does when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged by in the complaint as true." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *McElmurray*, 501 F.3d at 1251), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). The court can consider the complaint as well as the attached exhibits. *McElmurray.*, 501 F.3d at 1251.

By contrast, a factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered.'" *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). In a factual attack, "no presumptive truthfulness attaches to [a] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 412–13 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). For both facial and factual attacks, "[t]he burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). Here, Defendants raise a factual attack on subject matter jurisdiction arguing that the removal proceedings—instituted after Plaintiff filed the Amended Complaint—strip this Court of jurisdiction.

## III. DISCUSSION

### A. USCIS' denial of Plaintiff's Application is not a final agency action.

Under the APA, federal courts only have jurisdiction to review "final agency action." 5 U.S.C. § 704. For an agency action to be final, "the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And . . . the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. ---, 136 S. Ct. 1807, 1813 (2016) (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)). "The 'core question' about finality 'is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties.'" *Canal A Media Holding, LLC v. United States Citizenship & Immigration Services*, 19-11193, 2020 WL 3833071, at *3 (11th Cir. July 8, 2020) (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992)).

"An adjustment of status decision is a final agency action when 'there are no deportation proceedings pending in which the decision might be reopened or challenged.'" *Gupta v U.S. Att'y Gen.*, 439 F. App'x 858, 860 (11th Cir. 2011) (quoting *Ibarra v. Swacina*, 628 F.3d 1269, 1270 (11th Cir. 2010)). However, where removal proceedings are pending, the denial of an application to adjust status is not final action because the relevant regulation "allows an alien to 'renew his or her application in [removal] proceedings[,]'" and "[o]nce an alien is placed in removal proceedings, 'the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file.'" *Ibarra*, 628 F.3d at 1270 (quoting 8 C.F.R § 245.2(a)(5)(ii), 8 C.F.R. § 1245.2(a)(1)). Here, Plaintiff is currently in removal

proceedings and therefore "[t]he decision on [his] adjustment of status is not yet final." *Id.* As a result, the Court has no jurisdiction to hear Plaintiff's claims.[6]

### B. Discretionary Review

The Court notes that even if USCIS had not commenced removal proceedings, this Court would not have jurisdiction to review USCIS' discretionary denial of Plaintiff's Application. It is well-settled that courts lack jurisdiction to review agency decisions that are based on an agency's discretionary authority. *See* § 1252(a)(2)(B)(ii) ("no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security"); *see also Brown v. U.S. Att'y Gen.*, 187 F. App'x. 934, 936 n.2 (11th Cir. 2006) (stating that the court lacked jurisdiction to review "factual and discretionary determinations denying [the plaintiff] adjustment of status") (citing § 1252(a)(2)(B)); *Zheng v. Chertoff*, No. 807-CV-1749-T-23MSS, 2008 WL 2229671, at *5 (M.D. Fla. May 28, 2008), *aff'd sub nom. Zheng v. Gonzales*, 297 F. App'x 917 (11th Cir. 2008) (concluding that the plaintiff could not evade the INA's jurisdictional bar and that the APA did not provide an independent basis for jurisdiction for the court to review his denied application). While Plaintiff argues that the second denial is void,[7] the Eleventh Circuit recently made clear that such intentional

---

[6] In his Motion for Temporary Restraining Order, Plaintiff argues that the Court should enjoin USCIS from instituting removal proceedings. The Court has no jurisdiction to review a decision to commence removal proceedings. *See* 8 U.S.C. § 1252(g) ("no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien . . .").

[7] Plaintiff cites to *Doctors Nursing & Rehab. Ctr. v. Sebilus*, 613 F.3d 672, 680 (7th Cir. 2010) for the proposition that a district court retains jurisdiction even after an agency reopens administrative proceedings. *Doctors Nursing & Rehab Ctr.*, however, dealt with a federal statute regulating administrative decisions by the Commissioner of Social Security which delineate certain procedures that must be followed before the Commissioner may reopen proceedings. "The core reasoning of *Doctors Nursing & Rehabilitation Center* is confined to Social Security appeals regulated by Section 405(g). Congress has not made a similar law that forbids [USCIS] from reopening proceedings after a lawsuit for judicial review has commenced." *Utah Life Real Estate Group, LLC v. United States Citizenship and Immigration Service*, 259 F. Supp. 3d 1294, 1298 (D. Utah 2017) (holding that USCIS's decision to reopen an H-1B petition transformed the initial denial into a non-final agency action under the APA).

attempts to "plead around" jurisdictional bounds cannot save plaintiffs because "it is the facts and substance of the claims alleged, not the jurisdictional labels attached, that ultimately determine whether a court can hear a claim." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020). Therefore, the Court must "look beyond the labels to the underlying facts of the complaint to evaluate jurisdiction." *Id.* at 1310. The underlying facts of the Amended Complaint in this case clearly demonstrate that Plaintiff challenges USCIS' discretionary denial of his Application, which, as stated above, the Court lacks jurisdiction to entertain. Accordingly, the Court must dismiss the Amended Complaint for lack of jurisdiction under Rule 12(b)(1).

### IV.  CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that

1)  Defendants' Motion to Dismiss [ECF No. 24] is **GRANTED;**

2)  The Amended Complaint is **DISMISSED without prejudice**;

3)  All pending motions are **DENIED as moot**; and

4)  The case shall be **CLOSED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 31st day of July, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE